# United States Court of Appeals for the Fifth Circuit

_____

No. 25-10737
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
February 5, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Omar Sanchez-Facundo,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CR-391-1

_____

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Jose Omar Sanchez-Facundo pleaded guilty to a single count of illegal reentry after removal and was sentenced within the applicable guidelines range to 70 months of imprisonment. *See* 8 U.S.C. § 1326.

On appeal, Sanchez-Facundo challenges both the procedural and substantive reasonableness of his sentence. A district court procedurally errs

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

if it selects a sentence based on clearly erroneous facts. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Sanchez-Facundo argues that the district court erred by finding that he had brandished a pistol during a prior offense and that he had committed a burglary. However, a factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011).

Here, the district court found that Sanchez-Facundo brandished a pistol based on the presentence report (PSR), which drew on a police report that itself was based in relevant part on a witness statement. Thus, we conclude that the PSR had sufficient indicia of reliability for the district court to rely on it. *See United States v. Lucio*, 985 F.3d 482, 485-86 (5th Cir. 2021). Because a pistol was never recovered by police, Sanchez-Facundo argues that the brandishing finding is unreliable, or that this fact rebuts the finding. However, we conclude he has not shown that the district court clearly erred. *See Rodriguez*, 630 F.3d at 380.

In contrast, we agree with the Government that the district court did not find that Sanchez-Facundo had committed a burglary. The mention of a burglary at issue came in the context of a description of a prior offense, which began with a woman confronting Sanchez-Facundo for allegedly burglarizing her business. Unlike the finding that he brandished a pistol, that burglary allegation was not mentioned again, and we conclude that the district court's statement that Sanchez-Facundo had a "stealing things problem" was based on other prior offenses that involved stolen items or other theft offenses.

Finally, due to delays in his federal prosecution, Sanchez-Facundo was convicted and sentenced for two new state offenses prior to his conviction and sentence for illegal reentry, which had the effect of significantly increasing his guidelines range. On appeal, he argues this delay resulted in a "massive unwarranted sentencing disparity" and that his

sentence is substantively unreasonable because the district court failed to give this significant weight. Sanchez-Facundo is correct that one of the factors a sentencing court must consider is the need to avoid unwarranted sentence disparities. *See* 18 U.S.C. § 3553(a)(6). He also pointed out the effect of the delay on the guidelines calculation to the district court and argued that it should vary or depart downward as a result. Instead, relying primarily on his criminal history and the need to protect the public, the district court chose to impose a within-guidelines sentence. Such a sentence is presumed reasonable, and Sanchez-Facundo has not rebutted this presumption. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Instead, he essentially asks this court to reweigh the sentencing factors, which we decline to do. *See United States v. Hernandez*, 876 F.3d 166-67 (5th Cir. 2017).

AFFIRMED.